UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-548 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 24] referring CSX Transportation Inc.'s Motion for Sanctions for Spoliation of Evidence by Plaintiff with Incorporated Memorandum of Law [Doc. 23] to the undersigned for disposition or report and recommendation as may be appropriate.

### I. BACKGROUND

The Plaintiff was employed by the Defendant to perform railroad work. He alleges that on May 26, 2009, he sustained a severe and permanent disabling injury while working for the Defendant. [Doc. 1 at ¶ 10]. The Plaintiff alleges that this injury occurred after he had been instructed to manually throw a railroad switch and the switch froze. [Doc. 1 at ¶ 10]. The Plaintiff has brought a negligence claim against the Defendant, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, ("FELA").

A detailed discussion of the allegations is not necessary at this juncture. It will suffice to note that the parties disagree on one fact that is pertinent to the issue before the Court: whether

the Plaintiff reported his injury.  The Plaintiff testified during his deposition that he completed an unsafe condition report (a.k.a. "PI-82"), on the date of the incident or the next date, [Doc. 32-2 at 6], to report the condition to the Defendant.   The Defendant maintains that the Plaintiff did not file a safety report following this injury.  The Defendant contends that he, instead, waited until the he quit his job on October 9, 2009, to report the incident.

The Defendant has filed the instant motion arguing that: (1) the Plaintiff failed to report his injury and/or the condition of the switch; (2) this failure to report constituted spoliation of evidence; and (3) the Court should sanction the Plaintiff for this spoliation.

## II.     POSITIONS OF THE PARTIES

The Defendant argues that the Plaintiff's failure to report his injury immediately constitutes spoliation of evidence and was tantamount to "robbing" the Defendant of the opportunity to inspect the switch.  [Doc. 23 at 1].  The Defendant notes that the Plaintiff was aware of the importance of the Defendant's safety rules and reporting system.  [Doc. 23 at 10].  The Defendant maintains that the Plaintiff told his crew that he was injured and not to forget the incident.  [Doc. 23 at 5-6].  Essentially, the Defendant argues that the Plaintiff knowingly failed to report the incident on May 26, 2009, and the Defendant maintains that the Plaintiff should be punished for such spoliation and for depriving the Defendant of the opportunity to access the evidence contemporaneously to the incident.

In support of this position, the Defendant largely cites authority from other districts or circuits.  E.g., West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir.1999); Kronisch

v. United States, 150 F.3d 112, 126 (2d Cir.1998); Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y.1991); Mahar v. U.S. Xpress Enter., Inc., 688 F. Supp. 2d 95, 112-13 (N.D.N.Y. 2010); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Defendant moves the Court to: (1) prohibit the Plaintiff for suggesting, inferring, or offering evidence that he filed a PI-82 unsafe condition report; (2) prohibit the Plaintiff from offering any report, testimony, or opinion from any expert witness regarding the alleged condition of the switch being in unsafe or defective condition; (3) instruct the jury that the Plaintiff had a legal duty to preserve evidence of the condition of the switch and his failure to do so supports an inference that the switch was not in unsafe condition; and (4) instruct that the jury shall not infer that the switch was in unsafe or defective condition because there is no evidence of its condition at the time of the incident. [Doc. 23 at 2-3].

The Plaintiff responds that the Defendant relies upon inapplicable law and ignores applicable law. The Plaintiff argues that none of his actions would constitute spoliation of evidence. [Doc. 32 at 8]. Factually, the Plaintiff maintains that he did, in fact, report on the condition of the switch by completing an unsafe condition report on the date of the incident or the next date. [Doc. 32-2 at 6]. He also notes that he feared harassment and intimidation based on filing an injury report. [Doc. 32 at 2; Doc. 32-2 at 5].

The Plaintiff adds that the same Defendant, represented by the same counsel, filed a strikingly similar motion in the case of Payne v. CSX Transportation Inc., Case No. 3:04-CV-106, (E.D. Tenn.), which was denied by the Honorable R. Leon Jordan, United States District Judge, on April 13, 2005. As the Plaintiff notes, this case was not cited in the Defendant's memorandum in support of its position.

In its reply, the Defendant argues that Judge Jordan's decision in Payne is distinguishable from the present case because: (1) it involved a transient piece of equipment and an inspection would have had to occur later anyway; (2) the condition in Payne – spurs in a hose – was common and not unusual; (3) Payne did not realize the extent of his injury at the time of the incident; (4) in this case, the Plaintiff knew how important reporting would be, since he told his crew to remember the incident; and (5) in the time since Judge Jordan's decision, the Sixth Circuit has mandated that district courts rely on federal law in evaluating spoliation, rather than state law, as was relied upon in Payne. [Doc. 33 at 5-6].

**III. ANALYSIS**

The Court of Appeals for the Sixth Circuit established that in spoliation cases, a party seeking an adverse inference instruction based on destruction of evidence must demonstrate that:

> (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed;
>
> (2) the records were destroyed "with a culpable state of mind"; and
>
> (3) the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Beaven v. U.S. Dept. of Justice, 622 F.3d 540, 553 (6th Cir. 2010) (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)).

Initially, the Court finds that there simply was no destruction of evidence, and there has been no destruction of any evidence. This finding, arguably, obviates the need for further analysis of this issue, because spoliation necessarily entails the destruction of evidence. Notwithstanding, the Court has also considered the following:

The Defendant has not demonstrated that the Plaintiff had control over the switch in question. The Defendant has argued that the Plaintiff had constructive control over the switch, because only he could inform the Defendant of its condition, and thereby, make it available to the Defendant. This argument is unavailing.

The only sworn testimony in the record on this issue is that of the Plaintiff, and the Plaintiff has testified that he filled out a report on the condition of the switch called a PI-82, faxed it to the trainmaster, and then put a copy on the safety bulletin board. [Doc. 32-2 at 6]. He has testified that he has "an actual memory of doing that." [Doc. 32-2 at 6]. On the other hand, the Defendant has offered only the proffer of counsel that the Defendant has been unable to locate the form. The Defendant has not offered any sworn testimony on this issue. Thus, the Court finds that the Defendant has not demonstrated that the Plaintiff had actual physical control over the switch, and the Court further finds that the Defendant's argument that the Plaintiff had some kind of constructive control over the switch (by virtue of delayed reporting) is neither supported by the evidence in the record, nor by any case law cited to the Court.

Further, the Defendant has not demonstrated that the Plaintiff had an obligation to preserve the condition of the switch for immediate examination by the Defendant. Even if the Court were to assume that such an obligation existed, the Defendant, as stated above, has not brought forth any sworn testimony or other evidence to contradict the Plaintiff's sworn testimony that he did comply with any obligation on his part. Moreover, during arguments, the Defendant's counsel indicated the switch was examined/inspected by the Defendant on an almost monthly basis including after the Plaintiff's alleged injury.

Finally, the Court finds that the Defendant has not demonstrated destruction "with a culpable state of mind," because again the Defendant has not demonstrated that any destruction occurred.

Thus, the Court finds that the Defendant has failed to demonstrate any actual spoliation, and it has failed to demonstrate the essential elements of spoliation under Beaven v. U.S. Dept. of Justice, 622 F.3d 540 (6th Cir. 2010).

The Court finds that this conclusion is additionally supported by persuasive case law including Schroeder v. Grand Truck Western Railroad Co., 2011 WL 6031945 (E.D. Mich. Dec. 5, 2011). In Schroeder, the Plaintiff was allegedly injured while using a hand break and eventually brought a claim under the FELA. He waited over six months to report his injury, id. at *2, and the defendant in Schroeder moved the court to find spoliation and issue sanctions, id. at *3-4. In denying the request for sanctions, the court in Schroeder, explained, "Defendant improperly invokes the spoliation of evidence doctrine. Its complaint is not that Plaintiff destroyed or lost evidence. Rather, Defendant complains that Plaintiff took too long to report his work related injury . . . ." Id. at *12.

The Court also finds Payne v. CSX Transportation, Inc., Case No. 3:04-CV-106, to be persuasive. The Court recognizes that in the time since the Payne decision the Court of Appeals has directed that spoliation be evaluated using a federal standard rather than state law. Nonetheless, the finding in Payne that the plaintiff had not committed spoliation by failing to report a burr in an air hose remains persuasive.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Motion for Sanctions for Spoliation of Evidence by Plaintiff with Incorporated Memorandum of Law **[Doc. 23]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge