**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| GARY W. BAILEY,<br>    Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>    Defendant. | )<br>)<br>)<br>)    No. 3:09-CV-548<br>)    (Phillips)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

On January 6, 2012, Magistrate Judge Clifford C. Shirley issued a 7-page Memorandum and Order [Doc. 39] denying CSX's motion for sanctions against plaintiff for spoliation of evidence. This matter is before the court on CSX's objections to the magistrate judge's order [Doc. 40]. Plaintiff has responded [Doc. 41].

Plaintiff alleges he sustained a severe and permanent disabling injury while working for CSX on May 26, 2009. Plaintiff alleges his injury occurred after he had been instructed to manually throw a railroad switch and the switch froze. Plaintiff brings his claims against CSX pursuant to the Federal Employers' Liability Act. CSX argued before the magistrate judge that plaintiff failed to timely report his injury, thus depriving CSX of the opportunity to access the switch contemporaneously to the incident. Plaintiff argues that he did, in fact, report on the condition of the switch by completing an unsafe condition report on the date of the incident or the next date. CSX argues that it never received

plaintiff's report and had no notice of his injury or the alleged unsafe condition of the switch until October 9, 2009.  The magistrate judge found that there had been no destruction of evidence; that CSX had not demonstrated that plaintiff had control over the switch; CSX had not demonstrated that plaintiff had an obligation to preserve the condition of the switch for examination by CSX; and that CSX had not demonstrated destruction "with a culpable state of mind."

CSX asks the court to set aside the magistrate judge's order and impose sanctions against plaintiff for spoliation of evidence.  In the alternative, CSX asks the court to modify the magistrate judge's findings to declare that plaintiff had an obligation to preserve the evidence of the condition of the switch; and that plaintiff's failure to give actual notice to CSX of the condition of the switch and plaintiff's injury on the day of the event so that CSX could inspect the switch constitutes the destruction of evidence.  Last, CSX asks that in the event the court does not impose sanctions, that the court submit the issue of spoliation to the jury and instruct the jury that they may infer that the switch was not in a defective or unsafe condition based on plaintiff's failure to preserve the evidence.

Magistrate Judge Shirley's order was entered pursuant to 28 U.S.C. § 636(b). Under § 636(b) the court can reconsider the magistrate judge's ruling if it is "clearly erroneous" or "contrary to law."  Accordingly, the court has now undertaken a review of the magistrate judge's Memorandum and Order.  After doing so, the court concludes that Magistrate Judge Shirley's rulings are consistent with the applicable case law.  As noted

by Magistrate Judge Shirley, in the Sixth Circuit, a party seeking an adverse inference instruction based on destruction of evidence must demonstrate that:

1. the party having control over the evidence had an obligation to preserve it at the time it was destroyed;

2. the records were destroyed "with a culpable state of mind;" and

3. the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. U.S. Dept. Justice*, 622 F.3d 540, 553 (6th Cir. 2010). The crux of CSX's complaint is that plaintiff took too long to report his injury. This position ignores plaintiff's testimony that on the day of his injury, or the next day, he filed an unsafe condition report regarding the switch. In addition, the record shows that plaintiff did not recognize the extent of his injury, continued to work, and then turned in an unsafe condition report at the end of his shift or the next morning. Thus, the magistrate judge correctly found that plaintiff was under no obligation to preserve the condition of the switch at the time his alleged injury occurred. Moreover, CSX's inability to inspect the switch at the time of the incident is as prejudicial to plaintiff as it is to defendant. Finally, plaintiff's actions do not demonstrate an intent to "destroy" evidence. Accordingly, CSX's objections [Doc. 40] to the magistrate judge's pretrial order are **OVERRULED in their entirety.**

**IT IS SO ORDERED.**

                                          **ENTER:**

                                          <u>    s/ Thomas W. Phillips    </u>
                                              United States District Judge